Green, J.
delivered the opinion of the court.
The bill states that in 1793, the State of North Carolina granted to Henry Erwin, jr. á tract of land of 5760 acres, lying in what is now Jackson county in this State. William Terrell Lewis had undertaken to locate the land, but employed the complainant to do that service, and gave him the benefit of the contract, which was that he was to have one fifth part of the land. Henry Erwin died a great many years ago, and his brother John Alexander Erwin inherited his estate, who sold and conveyed to Thomas E. McNair, on the 22d of August, 1805, four fifths of the land. McNair and Lewis made partition the 9th of November, 1805, and executed a deed of that date for 1152 acres by metes and bounds to Lewis, and the balance of the *641 tract to McNair. Lewis conveyed his interest to complainant the 11th of November, 1805. On the 16th of January, 1807, McNair conveyed his interest to John Haywood. Shortly after obtaining this title, Haywood took possession of the land, and by his tenants held uninterrupted possession until the 2d of March, 1819, when he conveyed one half of his interest to the complainant, who went into possession and continued in possession up to the year 1827, when the defendants, Cooke, Kincheloe, Madden and others, made entries of various small tracts within the boundary of said grant to Erwin, drove off complainant’s tenants, and took possession of his land.
Judge Haywood is dead; the deed executed by him was not witnessed and his heirs refuse to do any thing towards effecting a recovery of the land, and complainant cannot' prosecute a suit at law in his own name, nor can he obtain the consent of Erwin, the heir of the grantee to sue in his name; and therefore he prays the assistance of a court of chancery to decree partition between himself and the heirs of Haywood, to perfect his title-from Lewis to the one fifth conveyed by him, but which conveyance was not properly witnessed, and to decree him the land against Cook, Kincheloe, Madden and others, together with the rents and profits, and to put him in possession of the disputed premises.
R. F. Cook answers the bill, denying that he knows any thing of any valid claim to the land in question by virtue of a grant to Erwin, states that he had heard that judge Haywood had once set up some claim to land in the neighborhood, but defendant afterwards heard that the claim was abandoned. Defendant did, in 1836, enter two tracts, one of 125 acres, and the other of 250 acres, both of which were grant.ed in 1827. He took possession immediately and has held it without interruption ever since, more than seven years'; He obtained the consent of those who were living within the bounds of his entries to make them, and none of these persons ever acknowledged the complainant’s right, or held possession under him. Defendant denies that the grant to Erwin lies at the place described in the bill or includes his land. He relies upon the statute of limitations, and insists by way of demurrer that the court *642 has no jurisdiction of the case and that the bill is multifarious.
Kincheloe and Madden likewise answer, setting up similar defences to the one made by Cook.
George W. Haywood answers, alledging that John Haywood, his father, conveyed by deed of gift to him the one half of the four fifths of the tract of land described in the bill, and that the other heirs of his father have no interest in the matter in controversy; that he is entirely willing to a partition with complainant, and desires a decree to that end, &c. Much proof was taken in relation to the boundary and locality of Erwin’s grant, and upon the question of possession by the complainant and by the defendants.
The chancellor dismissed the bill for multifariousness, from which decree this appeal is prosecuted.
The first question to be considered is, whether the court of chancery has jurisdiction of this case.
The counsel for the complainant insists that as the defendants did not demur, but submitted to answer, that the court thereby acquired jurisdiction of the cause, although a demurrer to the bill might have been properly allowed.
But this is clearly an erroneous position. Wherever a general demurrer will hold to a bill, the court though the defendant answers will not grant relief upon the hearing. If it were otherwise a defendant could oblige the court to take jurisdiction of a cause by failing to demur, however unfit it might be for equity. It is supposed that the imperfection of the complainant’s title from Haywood, making it necessary to come into a court of chancery to divest Haywood’s heirs of the legal title to the portion purchased "of him, and obtain partition, constitute sufficient grounds of equity against all the defendants.
I do not understand that it is insisted that a court of chancery has jurisdiction to try a mere simple legal title to land. That it has not, is too well settled to admit of argument. Such a power is exercised only in difficult and complicated cases, ' affording peculiar grounds for equitable interference. 2 John. Ch. R. 519: 4 Randolph’s Va. Rep. 74: 1 Jac. and Walk. 484. But as it regards the defendants, Cook, Kincheloe and Madden, there is no complication, no difficulty, no ground for equitable *643 interference. As to them this is a mere ejectment bill, to try the dispute about boundary and investigate the facts in relation to the possession of the several parties, and how far the statute of limitations operates, questions peculiarly fitted for a jury, and wholly unfit for investigation here.
Nor does there exist any connexion between Haywood’s heirs and the other defendants Cook, Kincheloe and Madden. The equity against Haywood, to have a legal title decreed, and partition, does not reach or effect them; they are wholly unconnected with that matter. They are in possession, claiming by entirely distinct titles. If it were determined that the existence of an equity against some one person in reference to a tract of land, would give a court of chancery jurisdiction and enable a party to sue in the same bill ey.ery person against whom he might have a right of action, every possible description of suit might be drawn into this court. All attempt to keep the powers and jurisdiction of courts of law and courts of equity distinct would be in vain. All actions of ejectment might be tried here, simply by an agreement to sell the land to another, so as to authorize him to come into equity for the legal title. This all will agree could not be tolerated, and yet the present case does not differ from the one supposed in any material point. And it has been already stated, that upon the subject of jurisdiction, the answer of the defendant, admitting the jurisdiction, can make no difference. The admission of a party in a suit is conclusive as to matter of fact, or may deprive him of a privilege, which if insisted on would exempt him from the jurisdiction of the court, but no admission of parties can change the law, or give jurisdiction to a court of a cause of which by the law it has no jurisdiction. 6 Bro. Parl. Cases, 575, Walby vs. Rutland. But in addition to the objection on account of jurisdiction, this bill is clearly multifarious.
Indeed this is admitted in argument, but it is said that advantage should have been taken of this matter by demurrer, and that the defendants, waived the objection by answering. And this is true, says Judge Story, (Com. Eq. PI. 233) strictly speaking, “although the court propria jure may insist upon it.”
In the case now under consideration the court of chancery *644 chose to insist upon this objection, and to found its decree, dismissing the bill, upon the ground that it is multifarious, and we cannot say that the court erred, although his Honor might have regarded the objection as waived by the defendant. The decree must, therefore, be affirmed.